[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the fifth count of the amended CT Page 11415 complaint. This court incorporates the second count of the complaint, which count alleges an intentional assault upon the plaintiff by slamming closed the trunk of the car on to the plaintiff's right arm. The fifth count alleges that this assault constitutes a violation of the Violence Against Women Act of 1995, 42 U.S.C. § 13981.
The first ground for the motion to strike is that the defendant has not alleged "a crime of violence" which is defined by the act as (A) An act or series of acts that would constitute a felony against the person . . . if the conduct presents a serious risk of physical injury to another . . ."
The conduct alleged is sufficiently broad to encompass a claim of "assault in the first degree. Class B felony:" as set forth in General Statutes § 53a-59 (2); or to encompass a claim of "assault in the second degree: Class felony" as set forth in General Statutes § 53a-60 (1). Although a proper pleading should set forth the particular statute(s) upon which the plaintiff relies (P.B. § 109A) the failure to do so does not effect the viability of the pleading but may be the proper subject of a request to revise, which the court would allow to be pleaded out of under (P.B. § 113). The motion to strike in this first related ground is denied.
The second ground for the motion to strike is that the plaintiff has failed to specifically allege that the claimed felonious conduct was "motivated by gender". This is an essential ingredient of the prohibited conduct which gives rise to a claim for damages under 42 U.S.C. § 13981 (c). Under the statute personal animosity or hostility against an individual who happens to be a member of the opposite sex is not sufficient to give rise to the cause of action. "Motivated by gender" means "Committed because of gender or on the basis of gender and due, at least in part, to an animosity based on the victim's gender." 42 U.S.C. § 13981 (d).
The fifth count of the complaint is devoid of any such allegation. Absent such allegations a cause of action under this statute has not been pleaded.
Consequently the motion to strike the fifth count of the complaint is granted. See P.B. § 157.
L. Paul Sullivan, J. CT Page 11416